IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

IVAN BOYD,

    Plaintiff,                                       OPINION AND ORDER

    v.                                                 18-cv-768-wmc

SGT. KUSSMAUL, *et al*,

    Defendants.
_____

        Following the grant of partial summary judgment to defendants (dkt. #70), the court held an evidentiary hearing on July 26, 2023, on whether plaintiff Ivan Boyd had released his remaining claims after executing a 2019 Settlement Agreement. Boyd appeared on his own behalf, and defendants counsel Rebecca Paulson appeared on behalf of the defendants, at a video conference hearing at which Boyd and Assistant Attorney General Elliot Held testified. For the reasons set forth in its earlier partial summary judgment opinion, articulated on the record at the end of the July 26 hearing and below, the court agrees that the general release in the 2019 Settlement Agreement disposed of all claims against "any state of Wisconsin or Wisconsin department of Corrections ("DOC")" employee for action or inaction occurring on or before the day of its execution on November 4, 2019. Accordingly, judgment will now be granted on the remaining claims against defendants arising out of actions allegedly undertaken in 2018.

1

BACKGROUND[1]

As the court found at summary judgment, Boyd expressly released and forever discharged "from any and all manner of action or actions (including cause or causes of action, suits, debts, ... liabilities, rights, damages, costs, claims of interest, awards of attorney fees, claims and demands of any kind or nature whatsoever in law or equity, whether based on State or Federal law), that relate to any action or inaction -- of any State of Wisconsin or DOC employee -- that took place on any date before this Agreement is fully executed." (Ex. A (dkt. #33-1) 3.) In exchange for providing this general release, Boyd was paid $7,500. Despite signing the Agreement, expressing releasing all earlier claims, including those claims in the lawsuit here that arose out of alleged events and actions in 2018, Boyd maintained both at summary judgment and in testimony at the videoconference that he signed the Settlement Agreement with the understanding that he was only releasing claims related to two, specific pending lawsuits -- Case Nos. 17-cv-944 and 18-cv-530. Indeed, he testified that Attorney Held agreed to *change* the global release proposed in the draft settlement agreement before sending it to him for signature. Relying on that representation, Boyd further testified that he signed the final agreement without ever checking to see if the release had been revised.

Unfortunately, there was no integration clause in the Settlement Agreement with respect to any earlier understandings between the parties, and Attorney Held concedes that he was actually negotiating with Boyd's then-counsel for settlement purposes when he received correspondence from Boyd proposing a possible narrowing of the release to the '944 and '530 lawsuits alone in exchange for payment of only $5,000. In fact, whether known or unknown to Held, it was Boyd's letter circumventing his lawyer's direct negotiation with Held on Boyd's

---

[1] A more detailed set of undisputed facts surrounding the negotiation and execution of the 2019 Settlement can be found in the court's opinion granting partial summary judgment.

behalf that caused that lawyer's withdrawal of further representation of Boyd except to offer his trust account to effectuate the contemplated payment to Boyd. Regardless, Held insists that there *no* subsequent agreement with Attorney Borkenhagen *or* Boyd to alter the release in the settlement agreement, much less to do so for the same $7,500 payment he had been authorized to offer for a general release.

## OPINION

Under all the circumstances set forth at summary judgment and in testimony during the evidentiary hearing, the court finds Attorney Held's version of events more likely than not and therefore finds that the 2019 Agreement, including the global settlement, applies to Boyd's claims in this lawsuit. In particular, the court does not find it credible that Boyd felt so rushed that he signed the final Settlement Agreement without looking at it to confirm the change Attorney Held supposedly said he would make simply because he was directed to sign it by the institution's litigation coordinator, much less without looking at the agreement after being provided a copy later the same day.

Moreover, even if open to debate, plaintiff Boyd would have the burden of proving a reformation of the unambiguous, express language of the parties' written agreement by "clear and convincing evidence" in order to be able to justify his retention of the $7,500 paid him for the general release. *Prezioso v. Aerts*, 2014 WI App 126, ¶ 39. Under the circumstances here, Boyd has simply not met that burden. Nor has he demonstrated sufficient evidence of a mutual mistake or unilateral mistake coupled with fraud or inequitable conduct that might void the Agreement under Wisconsin law. *Id*. There is no contemporary evidence supporting Boyd's version of a supposed, last-minute narrowing of the general release. Rather, all the extrinsic evidence support finding that the parties' settlement agreement was just as stated in its express

3

writing. Attorney Held's testimony at the July 26 hearing is confirmed by the available extrinsic evidence surrounding execution of the agreement.

Finally, even if a mistake had been established, Boyd concedes that he is unable to return the $7,500, nor is he able to adequately explain why he did not review the release in the actual agreement he signed before cashing the government's payment. In sum, the court finds that the express language in the 2019 Agreement is enforceable and precludes him proceeding with respect to the remaining claims in this lawsuit, all of which arose out of events occurring on or before the execution of that agreement.

ORDER

IT IS ORDERED that:

1. Judgment is GRANTED in favor of the remaining defendants Kussmal, Lathrop, Mumm, Bromeland and Anderson.

2. The clerk of court is directed to enter final judgment in favor of defendants and close this case.

Entered this 31st day of July, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge